**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**COVINGTON DIVISION**
**CASE NO. 2:25-CV-00108-DCR**

**SEBASTIAN ERNST**                                                                 **PLAINTIFF**

**v.**

**CITY OF FALMOUTH,** *et al.*                                                  **DEFENDANTS**

---

**ANSWER**

---

The Defendants, Marty Hart, in his individual and official capacity, Sabrina Hazen, in her individual and official capacity, Broderick Schmeing, Kyle Florer, and Ken Hall, in their individual capacities, and the City of Falmouth (collectively, "Defendants"), by and through counsel, for their Answer to the Complaint, states as follows:

**INTRODUCTION**

1.      Defendants deny the averments in paragraph 1 of the Complaint.

**PARTIES**

2.      Defendants admit the averments in paragraph 2 of the Complaint.

3.      Defendants admit the averments in paragraph 3 of the Complaint.

4.      Defendants admit so much of paragraph 4 of the Complaint that avers that Sabrina Hazen is currently Mayor of the City of Falmouth, but deny all remaining averments therein.

5.      Defendants admit so much of paragraph 5 of the Complaint that avers that Marty Hart is the appointed Chief of Police for the City, but deny all remaining averments therein.

6.     Defendants admit so much of paragraph 6 of the Complaint that avers that Broderick Schmeing was a police officer employed by the City of Falmouth on April 14, 2025, but deny all remaining averments therein.

7.     Defendants admit so much of paragraph 7 of the Complaint that avers that Ken Hall was a police officer employed by the City of Falmouth on April 14, 2025, but deny all remaining averments therein.

8.     Defendants admit so much of paragraph 8 of the Complaint that avers that Kyle Florer was a police officer employed by the City of Falmouth on April 14, 2025, but deny all remaining averments therein.

## JURISDICTION AND VENUE

9.     Defendants affirmatively state that, to the extent paragraphs 9, 10, and 11 call for a conclusion of law, no response is required. To the extent a response is deemed required, Defendants deny the remaining averments contained therein.

## FACTS COMMON TO ALL CLAIMS

10.     Defendants admit so much of paragraph 12 that Plaintiff is a resident of Falmouth, Kentucky but deny the remaining averments therein.

11.     Defendants admit so much of paragraph 13 that Plaintiff was elected Mayor of Falmouth, Kentucky and took office January 1, 2023, but deny the remaining averments therein.

12.     Defendants deny the averments in paragraphs 14, 15, 16, 17, 18, and 19 of the Complaint.

13.     Defendants admit so much of paragraph 20 that Falmouth City Council voted to impeach Plaintiff, but deny the remaining averments therein.

14.    Defendants deny the averments in paragraph 21 of the Complaint.

15.    The text messages referenced and quoted in paragraphs 22, 23, 24, and 25 of the Complaint speak for themselves and as such no response is needed. To the extent a response is needed, Defendants deny the averments therein.

16.    Defendants admit so much of paragraph 26 of the Complaint that avers that Mayor Luke Price resigned, but deny the remaining averments therein.

17.    The text messages referenced and quoted in paragraphs 27, 28, 29, 30, 31, 32, 33, 34, 35, and 36 of the Complaint speak for themselves and as such no response is needed. To the extent a response is needed, Defendants deny the averments therein.

18.    Defendants admit so much of paragraph 37 of the Complaint that Plaintiff is a resident of Falmouth, Kentucky, but deny the remaining averments therein.

19.    Defendants deny the averments in paragraph 38 of the Complaint.

20.    The text messages referenced and quoted in paragraphs 39 and 40 of the Complaint speak for themselves and as such no response is needed. To the extent a response is needed, Defendants deny the averments therein.

21.    Defendants admit so much of paragraphs 41, 42, 43, 44, and 45 of the Complaint that aver that Chief Marty Hart encountered Plaintiff at City Hall on April 14, 2025, but deny the remaining averments therein.

22.    The Uniform Citation/KYIBRS Report referenced and quoted in paragraph 47 of the Complaint speaks for itself and as such no response is needed. To the extent a response is needed, Defendants deny the averments therein.

23.    Defendants deny the averments in paragraph 48 of the Complaint.

24.     Defendants deny the averments in paragraph 49 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth or falsity.

25.     Defendants admit so much of paragraph 50 of the Complaint that Plaintiff attended the Falmouth City Council meeting, but deny the remaining averments therein.

26.     Defendants admit to the averments in paragraphs 51, 52, 53, 54, 55, 56, 57, and 58 of the Complaint to the extent they reference the Uniform Citation/KYIBRS Report, but deny the remaining averments therein.

27.     Defendants deny the averments in paragraph 59 of the Complaint.

28.     Defendants admit so much of paragraph 60 of the Complaint that avers that Plaintiff was transported to Bourbon County Detention Center, but denies the remaining averments therein.

29.     The text message referenced and quoted in paragraph 61 of the Complaint speaks for itself and as such no response is needed. To the extent a response is needed, Defendants deny the averments therein.

30.     Defendants deny the averments in paragraph 62 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth or falsity.

31.     The post referenced and quoted in paragraph 64 of the Complaint speaks for itself and as such no response is needed. To the extent a response is needed, Defendants deny the averments therein.

32.     The text message referenced and quoted in paragraph 64 of the Complaint speaks for itself and as such no response is needed. To the extent a response is needed, Defendants deny the averments therein.

33.     Defendants deny the averments in paragraph 65 of the Complaint.

34.     The text messages referenced and quoted in paragraphs 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, and 81 of the Complaint speaks for themselves and as such no response is needed. To the extent a response is needed, Defendants deny the averments therein.

35.     The Uniform Citation referenced as Exhibit 1 in paragraph 82 of the Complaint speaks for itself and as such no response is needed. To the extent a response is needed, Defendants deny the remaining averments therein.

36.     Defendants deny the averments in paragraphs 83 and 84 of the Complaint.

37.     The averments in paragraph 85 of the Complaint are statements of law and, as such, a response is not needed. To the extent a response is needed, Defendants deny the averments therein.

38.     Defendants deny the averments in paragraph 86 of the Complaint.

39.     Defendants admit so much of paragraph 87 of the Complaint that the criminal charge was dismissed, but deny the remaining averments therein.

40.     The text messages referenced and quoted in paragraphs 88, 89, and 90 of the Complaint speak for themselves and as such no response is needed. To the extent a response is needed, Defendants deny the averments therein.

41.     Defendants deny the averments in paragraphs 91, 92, and 93 of the Complaint.

**COUNT I – VIOLATION OF THE FIRST AMENDMENT/FIRST AMENDMENT RETALIATION/CONSPIRACY TO ENGAGE IN FIRST AMENDMENT RETALIATION - 42 USC §1983**

42.     Defendants reiterate their admissions and denials to the averments in paragraphs 1 through 93 as adopted in paragraph 94 of the Complaint.

43.     Defendants deny the averments in paragraph 95 of the Complaint.

5

44. Defendants deny the averments in paragraph 96 of the Complaint.

45. The averments in paragraphs 97, 98, and 99 of the Complaint are statements of law and, as such, a response is not needed. To the extent a response is needed, Defendants deny the averments therein.

46. The Defendants deny the averments made in paragraphs 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, and 111 of the Complaint.

## COUNT II – VIOLATION OF THE FOURTH AMENDMENT, SEIZURE/FALSE ARREST WITHOUT PROBABLE CAUSE AND CONSPIRACY TO VIOLATE THE FOURTH AMENDMENT (42 USC § 1983)

47. Defendants reiterate their admissions and denials to the averments in the previous paragraphs as adopted in paragraph 112 of the Complaint.

48. The averments in paragraph 113 of the Complaint are statements of law and, as such, a response is not needed. To the extent a response is needed, Defendants deny the averments therein.

49. The Defendants deny the averments in paragraphs 114, 115, 116, 117, 118, 119, 120, 121, and 122 in the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1. The Complaint fails to allege facts sufficient to state a claim against the Defendants upon which relief may be granted.

### SECOND DEFENSE

2. Defendants, in their individual capacity, are entitled to qualified immunity from suit, from any federal claims asserted therein, and from the liability sought to be imposed by the Plaintiff in his Complaint.

**THIRD DEFENSE**

3.    The Defendants, in their individual capacity, are entitled to qualified official immunity from suit, from any state law claims asserted therein, and from the liability sought to be imposed by the Plaintiff in his Complaint.

**FOURTH DEFENSE**

4.    Plaintiff's claims are barred by issue and/or claim preclusion.

**FIFTH DEFENSE**

5.    Plaintiff is estopped from asserting the claims in his Complaint.

**SIXTH DEFENSE**

6.    At all times referenced in the Complaint, Defendants' actions were reasonable, proper, justified, lawful, and undertaken without any wrongful intent, impact or affect.

**SEVENTH DEFENSE**

7.    Defendants had probable cause to arrest Plaintiff which serves as a bar to any unlawful seizure claims asserted in the Complaint.

**EIGHTH DEFENSE**

8.    If the Plaintiff was injured and/or damaged as alleged in the Complaint, his injuries and/or damages were caused solely as a result of his own acts or omissions.

**NINTH DEFENSE**

9.    Alternatively, if the Plaintiff was injured and/or damaged as alleged in the Complaint, his injuries and/or damages were caused by the acts or omissions of a third party over whom Defendants have no control, and for whose acts or omissions Defendants are neither liable, nor responsible to the Plaintiff.

**TENTH DEFENSE**

10.    Alternatively, if the Plaintiff was injured and/or damaged as alleged in the Complaint, his injuries and/or damages were caused and brought about by an intervening, superseding cause outside the realm of knowledge, foreseeability or control of Defendants.

**ELEVENTH DEFENSE**

11.    Plaintiff has failed to mitigate his damages which is a bar and/or limitation on his claims.

**TWELFTH DEFENSE**

12.    Plaintiff's claims against Defendants in their official capacity are equivalent to claims against the City and must be dismissed as redundant.

**THIRTEENTH DEFENSE**

13.    Legitimate, law enforcement related, nonretaliatory reasons existed for any and all actions taken by Defendants against Plaintiff.

**FOURTEENTH DEFENSE**

14.    The imposition of punitive damages against the Defendants would violate their constitutional rights under the due process clause of the Fifth and Fourteenth Amendments, and the excessive fines clause of the Eighth Amendment, to the United States Constitution and similar provisions in the Constitution of the Commonwealth of Kentucky.

**FIFTEENTH DEFENSE**

15.    To avoid waiver, Defendants assert all affirmative defenses in Civil Rule 8(c) as a bar and/or limitation on Plaintiff's claims.

WHEREFORE, having fully answered, the Defendants, Marty Hart, in his individual and official capacity, Sabrina Hazen, in her individual and official capacity, Broderick Schmeing, Kyle Florer, and Ken Hall, in their individual capacities, and the City of Falmouth, demand that the Complaint be dismissed with prejudice at the cost of the Plaintiff, for an award of attorney fees incurred in defending this action, for trial by jury, and for any and all other relief to which he may appear to be entitled.

Respectfully submitted,

*/s/ Jeffrey C. Mando*
Jeffrey C. Mando, Esq. (#43548)
Casmir M. Thornberry, Esq. (#100623)
ADAMS LAW, PLLC
40 West Pike Street
Covington, KY 41011
859.394.6200
859.392.7263 – Fax
jmando@adamsattorneys.com
cthornberry@adamsattorneys.com

*Attorneys for Defendants, Marty Hart, in his individual and official capacity, Sabrina Hazen, in her individual and official capacity, Broderick Schmeing, Kyle Florer, and Ken Hall, in their individual capacities, and the City of Falmouth*

## CERTIFICATE OF SERVICE

I hereby certify that on the **7th** day of October, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will provide notice of electronic filing to: Christopher Wiest, Esq.; Theodore Roberts, Esq.; Thomas Bruns, Esq.

*/s/ Jeffrey C. Mando*
Jeffrey C. Mando, Esq.