**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**COVINGTON DIVISION**
**CASE NO. 2:25-CV-00108-REW**

SEBASTIAN ERNST                                                                        PLAINTIFF

v.

CITY OF FALMOUTH, *et al.*                                                        DEFENDANTS

---

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION**
**TO ENFORCE SETTLEMENT AGREEMENT AND FOR ATTORNEY FEES**

---

The Defendant, the City of Falmouth,[1] by and through counsel, for its Response to Plaintiff's Motion to Enforce Settlement Agreement and for Attorney Fees (Doc. 23), states as follows:

**I.      INTRODUCTION**

Plaintiff's motion seeks to enforce one provision of the Settlement Agreement: that Defendants provide "a signed letter regretting the events of April 14, 2025 signed by Mayor Hazen and Chief Hart." That letter has been executed by both Mayor Hazen and Chief Hart and provided to Plaintiff on June 10, 2026.

Thus, there is no remaining contractual performance for the Court to compel. The letter was delayed because of out-of-town travel and administrative issues, but it was delivered. Plaintiff's request to compel delivery of the letter is therefore moot.

Plaintiff's motion goes further, however, and asks the Court to impose obligations the parties did not bargain for. Nothing in the Settlement Agreement prohibited Mayor Hazen, Plaintiff, counsel, or any other person from commenting publicly about the settlement, the

---

[1] Plaintiff's claims against Marty Hart, Sabrina Hazen, Broderick Schmeing, Kyle Florer, and Ken Hall, in their respective individual capacities were dismissed on May 21, 2026 (Doc. 19)

1

underlying incident, the absence of any admission of liability, or their respective positions regarding the litigation. Indeed, nothing in the Agreement required any party to make or refrain from making a Facebook post or required public release of the letter of regret – as Plaintiff's motion now demands.

Nor is there any basis for attorneys' fees. Plaintiff has not developed any meaningful argument, much less evidence, that Defendants acted in bad faith, vexatiously, wantonly, or for oppressive reasons. At most, Plaintiff identifies a short administrative delay in providing a letter that has now been provided. That is not conduct "tantamount to bad faith," and it does not justify sanctions or a fee award under the Court's inherent authority.

## II.      RELEVANT FACTUAL BACKGROUND

The parties resolved this case by settlement agreement. The agreement required the City, by and through its insurance carrier, to pay $120,000 and provide "a signed letter regretting the events of April 14, 2025 signed by Mayor Hazen and Chief Hart, not later than May 15, 2026." That payment was made, but the letter was delayed because of out-of-town travel and administrative issues. The delay was not strategic, obstructive, or undertaken in defiance of the agreement or the Court. Indeed, Mayor Hazen and Chief Hart signed the letter, and counsel provided it to Plaintiff on June 10, 2026. And, importantly, Mayor Hazen did not sign and notarize the Settlement Agreement until May 20, 2026. Thus, the May 15 date had already passed before the agreement was even finalized.

Following the agreement, both parties made public comments about the case on Facebook. In fact, on May 13, 2026, before Mayor Hazen even signed and notarized the agreement, Plaintiff posted publicly about the settlement on Facebook. (Exhibit A) He characterized the settlement as having "officially won" his federal civil rights lawsuit, stated

2

that the City's actions were "indefensible," accused City officials of acting willfully and lying publicly, and discussed the settlement to support his campaign for public office.

Plaintiff's counsel also publicly commented on the settlement. (Exhibit B) That same day, counsel shared Plaintiff's post and stated that "Sebastian was illegally arrested for attending a city council meeting in an effort to smear him" and that counsel was "happy we were able to come to a conclusive settlement that vindicates his rights."

Mayor Hazen also publicly commented about the settlement and the underlying incident. To note, the settlement agreement does *not* contain a confidentiality provision, non-disparagement provision, or any restriction on public statements or social media use.

### III.    PLAINTIFF'S MOTION IS MOOT, SEEKS RELIEF NOT FOUND IN THE AGREEMENT, AND PROVIDES NO BASIS FOR ATTORNEYS' FEES

Plaintiff asks the Court to compel Defendants to provide the signed letter of regret. Defendants have provided it. And although Plaintiff may complain about timing, an order compelling delivery is unnecessary because delivery has already happened.

What's more, Mayor Hazen did not sign and notarize Plaintiff's proposed agreement until May 20, 2026 – five days after the deadline referenced in the agreement. The May 15 deadline Plaintiff invokes was included for the first time in his proposed agreement. Thus, the deadline had already passed before Defendants even approved the additional terms.

Plaintiff's request for additional relief fares no better. Plaintiff asks the Court to require public release of the letter "to the same outlets" where Mayor Hazen commented about the settlement. But that request begins from a flawed premise and seeks purely punitive relief. Public comment about the settlement was not a breach of the agreement - and it was not limited to Mayor Hazen.

3

Before Mayor Hazen executed the settlement agreement on the City's behalf, Plaintiff publicly characterized the settlement as a victory, stated that the City's actions were "indefensible," accused City officials of acting willfully and lying publicly, and used the settlement in his campaign for public office. Plaintiff's counsel then shared that post and stated that Plaintiff had been "illegally arrested" in an effort to "smear him" and that the settlement "vindicates his rights."

Defendants do not contend that those statements breached the agreement. The agreement contains no restrictions on public comment. But that is precisely the point. Plaintiff cannot publicly accuse Defendants of unlawful conduct and bad motives, allow his counsel to do the same, and then ask the Court to impose a one-sided, punitive remedy that appears nowhere in the parties' agreement, purely because they did not like Mayor Hazen's public response.

The settlement agreement required a signed letter. It did not require the City to publish the letter, post it online, release it to the press, or distribute it through any particular channel. Nor did it prohibit Mayor Hazen or anyone else from commenting publicly about the settlement. As Plaintiff points out, settlement agreements are contracts. The Court's role is to enforce the bargain the parties made, not to supply terms one party now wishes had been included. *Frear v. P.T.A. Indus., Inc.*, 103 S.W.3d 99, 106 (Ky. 2003); *Aries Entm't, LLC v. The Puerto Rican Ass'n for Hispanic Affairs, Inc.*, No. 2018-CA-001104-MR, 2019 Ky. App. LEXIS 203, at *15 (Ct. App. Nov. 15, 2019) ("It is not the trial court''s role to save a party from what – after the fact – it perceives to be a bad bargain."). If Plaintiff wanted a non-disparagement clause, he could have negotiated one. He did not.

4

Finally, Plaintiff's request for attorneys' fees fails because this record does not support the bad faith finding required for an award under the Court's inherent authority. Plaintiff invokes the missed May 15 deadline, but Mayor Hazen did not sign and execute the agreement containing that deadline until May 20, 2026. The letter was then provided to Plaintiff on June 10, 2026 - twenty-one days later.

That three-week period does not amount to bad faith. And it certainly does not amount to a willful abuse of the judicial process. The record reflects, at most, a short delay in providing a letter that has now been signed by both required signatories and delivered. Plaintiff identifies no violation of a court order, no misrepresentation to the Court, no concealment, no obstruction, and no conduct undertaken for an oppressive purpose.

For this Court to exercise its inherent authority in awarding attorneys fees, the law requires more. Indeed, a court must find that a party or attorney willfully abused the judicial process through conduct tantamount to bad faith. *Jaynes v. Austin*, 20 F. App'x 421, 427 (6th Cir. 2001). And "because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991). A twenty-one-day administrative delay in completing *one* provision, particularly where the relevant deadline had already passed before the City executed the agreement, is not that.

## IV.    CONCLUSION

For these reasons, Defendant, the City of Falmouth, respectfully requests that the Court deny Plaintiff's Motion to Enforce Settlement Agreement and for Attorney Fees and enter an Order dismissing the case with prejudice.

Respectfully submitted,

*/s/ Jeffrey C. Mando*
Jeffrey C. Mando, Esq. (#43548)
Casmir M. Thornberry, Esq. (#100623)
ADAMS LAW, PLLC
40 West Pike Street
Covington, KY  41011
p: 859.394.6200 | f: 859.392.7200
jmando@adamsattorneys.com
cthornberry@adamsattorneys.com

*Attorneys for Defendants, Marty Hart, in his individual and official capacity, Sabrina Hazen, in her individual and official capacity, Broderick Schmeing, Kyle Florer, and Ken Hall, in their individual capacities, and the City of Falmouth*

## CERTIFICATE OF SERVICE

I hereby certify that on the **18th** day of June, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will provide notice of electronic filing to: Christopher Wiest, Esq.; Theodore Roberts, Esq.; and, Thomas Bruns, Esq.

*/s/ Jeffrey C. Mando*
Jeffrey C. Mando, Esq.